# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-157-FDW

| | |
|---|---|
| REGINALD WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL CUNN, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. On July 5, 2018, the Clerk entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Therefore, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Reginald Wilson, a North Carolina inmate currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina, filed this action on June 6, 2018, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names as Defendants Michael Cunn, Joseph Gorman, and Andre Brewer, all identified as officers with the Buncombe County Sheriff's Office at all relevant times. Plaintiff has also named Buncombe County as Defendant.

Plaintiff alleges that on February 15, 2018, Defendants hog-tied and tazed Plaintiff without provocation while he was a pre-trial detainee at the Buncombe County Jail, injuring him. Based on the above factual allegations, Plaintiff purports to bring claims against Defendants for

1

"assault" and "aggravated assault." The Court also assumes that Plaintiff purports to bring a claim of excessive force in violation of his Fourteenth Amendment due process rights.[1] Plaintiff seeks injunctive relief and compensatory damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court finds that Plaintiff's claims against Defendants are not clearly frivolous and

---

[1] Although excessive force claims by convicted prisoners are brought under the Eighth Amendment, Plaintiff's excessive force claim is properly analyzed under the Due Process Clause of the Fourteenth Amendment since he was a pretrial detainee when the alleged excessive force occurred.

they therefore survive initial review.[2]

### IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review under § 1915(e) and 28 U.S.C. § 1915A.

2. The Clerk shall send Plaintiff summons forms to fill out so that service may be made on Defendants. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants at the addresses provided by Plaintiff.

Signed: August 27, 2018

Frank D. Whitney
Chief United States District Judge

---

[2] However, Plaintiff's claim for injunctive relief has been rendered moot since Plaintiff has been transferred away from the Buncombe County Jail.