UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-157-FDW

| | |
|---|---|
| REGINALD WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL CUNN, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Discovery and Motion for Appointment of Counsel. (Doc. No. 18).

Plaintiff's motion to compel discovery will be denied as premature because discovery has not commenced in this action. Plaintiff is advised that discovery in this action does not commence until after the Court has entered a Pretrial Order and Case Management Plan in this matter setting forth deadlines for discovery and dispositive motions. Moreover, once discovery commences, Plaintiff must seek discovery from Defendants directly rather than filing motions with the Court.

Next, as to Plaintiff's motion for appointment of counsel, Plaintiff states, among other things, that he cannot afford counsel; he has no access to a law library; and he has limited knowledge of the law. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding

Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's Motion to Compel Discovery and Motion for Appointment of Counsel, (Doc. No. 18), is **DENIED**.

Signed: November 8, 2018

Frank D. Whitney
Chief United States District Judge